UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alphonsa Murphy, | |
| Plaintiff, | C/A No. 4:04-22160-GRA-TER |
| v. | |
| Jo Anne B. Barnhart, Commissioner of Social Security, | **ORDER** (Written Opinion) |
| Defendant. | |

## I. PROCEDURAL HISTORY

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., and issued on August 11, 2005.

Plaintiff filed an application on August 5, 2002 for disability insurance benefits ("DIB") alleging inability to work since July 22, 2002 due to high blood pressure, gout in his right ankle, arthritis in his left hand and cannot see clearly. The Commissioner denied the applications initially and on reconsideration. Following an administrative hearing on March 11, 2004, the Administrative Law Judge (ALJ) found in a decision dated June 18, 2004 that the Plaintiff was not disabled. Subsequent to the ALJ's decision, the Plaintiff submitted records to the Appeals Council from Plaintiff's treating specialist Dr. Sitti. Dr. Sitti first examined Plaintiff

on March 5, 2004 prior to the administrative hearing. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review on August 4, 2004. Plaintiff brought this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision that the plaintiff was not entitled to DIB. In the Report and Recommendation, the magistrate recommends that the Commissioner's decision be Remanded Pursuant to Sentence Four of 42 U.S.C. § 405(g) to consider the new additional evidence and, if it finds that that additional evidence does not suffice as a basis for changing the ALJ's decision, the Order should explicitly indicate the reason.

## II.  STANDARDS OF REVIEW

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

The role of the federal judiciary in the administrative scheme established by

the Social Security Act is a limited one.  Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Objections to the Report and Recommendation have not been filed.

### III.  CONCLUSION

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law and that the Appeals Council disregarded the additional evidence set forth by the Plaintiff. Accordingly, the Report and Recommendation is accepted and adopted by this Court.

IT IS THEREFORE ORDERED that the Commissioner's decision be REMANDED PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) for further administrative action as set forth in the Report and Recommendation.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August 31, 2005